UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00212-02** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SARAH ELAINE FOGLE (02)** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a "Motion for New Trial" (Doc. 164) filed by Defendant, Sarah Fogle. Fogle argues that there was a miscarriage of justice because at the trial of this matter, the undersigned allowed the Government in its rebuttal case to introduce a blog article Sarah Fogle wrote about gun laws. Fogle complains that allowing this evidence in the Government's rebuttal and/or after Fogle had rested her case prevented her from addressing the blog article in her case. Fogle suggests that had she been able to address the blog article, she could have been called as a witness and explained the blog article to the jury.

The Government argues that because Co-Defendant, Jeremiah Deare, decided to take the stand and testify as to the innocence of Fogle, it was appropriate to call a rebuttal witness. The Government reminds the Curt that counsel for Fogle insisted with the Court that the United States cross-examine Deare first, so that Fogle's defense counsel could finish with Fogle's cross examination of Deare, and Deare's re-direct examination. After the Government completed its cross examination, counsel for Fogle inquired about Fogle's participation, or lack thereof, regarding the indicted crimes. Hence, the Government argues that it was necessary to call the rebuttal witness considering Deare's testimony concerning

Fogle, and the fact that it was presented after the Government had completed its cross examination of Deare.

The blog article[1] was authored and published online by Sarah Fogle, in which she extensively discussed firearm laws and regulations and the requirement for background checks.

The Fifth Circuit has held a district court's "power to grant a new trial based on a different assessment of the evidence must be 'exercised with caution' and 'invoked only in exceptional circumstances.'" *United States v. Crittenden*, 46 F.4d 292, 297 (5th Cir. 2022); *citing United States v. Sinclair*, 438 F.2d 50, 51 FN.1 (5th Cir. 1971).

Under Rule 33 of the Federal Rules of Criminal Procedure, a motion for new trial should be granted only where the "interest of justice" requires it. Federal Rule of Criminal Procedure 33 (West 2024). It is the defendant's burden to show that aspects of his trial were so manifestly unfair that a new trial is necessary. *United States v. Soto-Silva*, 129 F.3d 340, 343 (5th Cir. 1997). Thus, the Court has "significantly broader" powers in ruling on a motion for a new trial than it does in considering a motion for judgment of acquittal. *United States v. Simms*, 508 F. Supp. 1188, 1202 (W.D. La. 1980). Moreover, motions for new trial are "not favored and are viewed with great caution." *United States v. Blackthorne*, 378 F.3d 449, 452 (5th Cir. 2004).

The Court finds there was no miscarriage of justice in allowing the rebuttal witness and blog article into evidence. As noted by the Government, it was not until Deare's

---

[1] Exhibit 137.

testimony, and Fogle's examination of Deare after the United States' cross-examination, that testimony was admitted, which suggested to the jury that Fogle was innocent and/or that she was unaware of gun laws and regulation. Accordingly,

**IT IS ORDERED** that the Motion for New Trial (Doc. 164) filed by Defendant, Sarah Fogle is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 21st day of February, 2024.

*[signature]*
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE